UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDA GILLESPIE,

    Plaintiff,

v.

    Case Number:

AGEMY FAMILY CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendant's, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked as an hourly worker for Defendant and performed related activities for Defendant in Hillsborough County, Florida. Plaintiff was employed in a position entitled "store clerk" by Defendant.

3. Plaintiff was not paid at least the Florida minimum wage for all hours worked while employed by Defendant.

4. Plaintiff was not paid overtime for all hours she worked beyond 40 in a single workweek. Plaintiff began her employment in March 2016 and routinely worked more than forty hours any given week throughout the majority of weeks in which Plaintiff worked for Defendant.

5. Plaintiff was engaged by Defendant to work as a laborer in March 2016, and her job performed labor work including cleaning the Defendant's store front, accepting payments for dry-cleaning services, processing credit card payments, using the telephone(s), working up bank related store deposits, and using computer to conduct the Defendant's business, sending work related emails regarding customer complaints.

6. Plaintiff was to be paid an hourly wage. Plaintiff is not subject to any exemptions under the FLSA. Plaintiff was to be paid nine dollars per hour and was promised a raise to ten dollars an hour. Said raise did not materialize. While Defendant was originally hired to work set schedule, from 7am to 1pm, Monday through Friday and from 8am to 12pm on Saturdays. However, Plaintiff was required to come in early, stay late and work through lunches and breaks and was not compensated for this time that Plaintiff worked, but was not paid.

7. Plaintiff did not supervise any subservient employees.

8. Plaintiff worked for Defendant in Hillsborough County.

9. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to forty-three to forty five hours a week, until such time as Defendant was sued for FLSA violations by another employee, at which point Defendant dramatically reduced Plaintiff's work hours.

10. Plaintiff was not paid time and a half for the hours that she worked over forty hours in any given week. Plaintiff was not paid the appropriate straight time

wages either as Defendant would "shave hours" or simply unilaterally reduce the amount of hours recorded and not pay Plaintiff for all the hours she actually worked. "Nichole Walt", was Defendant's manager and Plaintiff would advise Manager Walt, that she had not been paid correctly and, on behalf of Defendant, Manager Walt would indicate that the shortage would "be on the next check", however this was not often the case and Plaintiff would end up shorted hours from her paycheck even after having informed Defendant that she had not been paid for all of the hours worked.

11. Plaintiff has knowledge that Defendant also intentionally paid its plant workers in cash, at a rate of pay below the minimum wage required by law.

12. As of this date, Plaintiff has still not been paid the entirety of her wage loss under the FLSA.

13. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in directing her to work off the clock in a calculated attempt to extract more additional work out of Plaintiff for the benefit of Defendant's, as the expense of Plaintiff, who was being paid less than premium wages under the FLSA.

14. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court. Hassan Agemy is the sole owner of Defendant Agemy Family Corporation.

15. Defendant, at all relevant times to this amended complaint, was Plaintiff's employer as defined by 29 U.S.C § 203(d).

16. Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the clothing industry as Defendant operate as a "Quality Plus Cleaners" franchise dealing with interstate customers and using computers and credit cards and data transmission lines.

17. This work would also include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to cater to tourist from out of state.

18. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of minimum wages, overtime wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

18. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

19. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

20. Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the clothing industry.

21. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue

4

and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

20. In addition, at all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA. This would include to doing hourly work as a laborer, without managerial responsibility.

21. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not direct the hiring and firing of any employees.

22. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

23 At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

24. Plaintiff worked over 40 hours per week for several weeks during her employment with Defendant. At no point did Defendant challenge or deny the fact that overtime and straight time was worked and that overtime was worked. Thus, the off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and proper wages.

25. Notably, Defendant is in exclusive possession of the *majority* of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

26. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## **COUNT I – RECOVERY OVERTIME WAGES COMPENSATION**

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

28. Plaintiff was entitled to be paid their regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty. During her employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked hours for each week in which they were not paid at the correct rate of pay. In Plaintiff's case, she routinely performed labor, at Defendant specific request for the sole benefit of Defendant, and was not paid for the hours she worked.

29. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, their correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff, and those

similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FLSA.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

I hereby certify, under penalty of perjury, that the factual statements stated above are true and correct and that I am alleging that I worked overtime for which I was not paid at the correct rate and that I am owed wages for time that I worked but for which I was not paid.

_____
Freda Gillespie

DATED this 16th day of January 2017,

/s/ W. John Gadd

W. John Gadd
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

7

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*
